**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Keefe, | No. CV-23-01664-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Global Credit Union Bank, | |
| Defendant. | |

  Several weeks ago, Plaintiff started calling the chambers of the undersigned seeking to have "orders" issued. Staff informed Plaintiff that there was no case pending before the undersigned, or based on looking at the Court's filing system, elsewhere in the district. Plaintiff then mailed a document directly to the undersigned. The Clerk's office returned it to Plaintiff because the Clerk's office also could not locate any pending case in which to file the document.

  Plaintiff then mailed two more packages of documents directly to the undersigned (and continued calling chambers). These packages were delivered to the Clerk's office. The packages included: a civil cover sheet, a motion to proceed in forma pauperis, and various other documents–none of which were called a "complaint." Nonetheless, because the civil cover sheet and the motion to proceed in forma pauperis could be construed as Plaintiff attempting to open a new case, the Clerk's office filed them into the above case number and styled the "Letter of Administration Order" as a complaint for purposes of opening a case. The undersigned was randomly drawn to preside over this case. The

undersigned does not know if Plaintiff has engaged in the direct calling and mailing tactic with other judges in this district (or other districts).

The Court has reviewed Plaintiff's application to proceed in forma pauperis and finds that Plaintiff does not have the ability to pay. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (discussing assets in the in forma pauperis analysis); *Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015) (discussing income versus expenses in the in forma pauperis analysis).

Next, the Court must screen an in forma pauperis complaint to determine whether it states a claim.

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).
> …
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
> …In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, Plaintiff did not even file a document called a "complaint" as is required under

Federal Rule of Civil Procedure 3.  Further, Plaintiff named Global Credit Union Bank as the defendant in the Letter of Administration Order; the United States as the defendant in the civil cover sheet (Doc. 1-3 at 1); and Governor Hobbs as the defendant in a "proof of service" (Doc. 1-2 at 5) included in this packet.  Finally, nothing in all of Plaintiff's filings at Doc. 1 and the attachments thereto states a cognizable claim.

As a result, Doc. 1 (and the attachments thereto) will be stricken.  Out of an abundance of caution because Plaintiff used unredacted personal identifiers in these documents (in violation of Federal Rule of Civil Procedure 5.2) Doc. 1 has been sealed in its entirety.  The Court will leave this document under seal, but stricken. Plaintiff is cautioned, however, that any future filings in this case will NOT be sealed sua sponte.

Plaintiff will be given one opportunity to amend the complaint.  Plaintiff must:

> …make clear his allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3.

Further, like the Plaintiff in *Kennedy*,

> Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

*Kennedy*, 2005 WL 3358205, *3.

Based on the foregoing,

1 **IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

2 **IT IS FURTHER ORDERED** that Doc. 1 is stricken for not being a complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure. The Clerk of the Court shall leave Doc. 1 under seal.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file a complaint in this case which complies with the foregoing within 30 days. If Plaintiff fails to file a complaint within 30 days of the date of this Order, the Clerk of the Court shall enter judgment dismissing this case, without prejudice.

**IT IS FINALLY ORDERED** that if Plaintiff files a complaint, the Clerk of the Court shall not issue a summons and the complaint shall not be served until it has been screened by this Court.

Dated this 28th day of August, 2023.

James A. Teilborg
Senior United States District Judge